# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Virginia M. Kendall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 10288 | **DATE** | 2/12/2013 |
| **CASE TITLE** | Ahmed-Al-Khalifa vs. Sunnyade et al | | |

**DOCKET ENTRY TEXT**

For the reasons stated, Al-Khalifa's Motion to Proceed *In Forma Pauperis* [3] is denied and Al-Khalifa's Complaint is dismissed for lack of subject matter jurisdiction. Al-Khalifa's Motion for Appointment of Counsel [4] is therefore denied as moot.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

Plaintiff Oluwashina Kazeem Ahmed Al-Khalifa ("Al-Khalifa") brings this cause of action against King Sunnyade & the African Beats (the "Defendants"), alleging the Defendants failed to pay him for services rendered in the total sum of 3,150,000 naira. Al-Khalifa moves to proceed *in forma pauperis* without the full prepayment of filing fees and for the appointment of counsel. For the reasons stated below, Al-Khalifa's Motion to Proceed *In Forma Pauperis* and Motion for Appointment of Counsel are denied.

Al-Khalifa alleges that on or about June 19, 2006, the Defendants breached an agreement between the parties by failing to pay Al-Khalifa for: (1) repairs of loudspeakers, microphones, and loudspeaker cables; (2) repairs and services of amplifiers; and (3) an audio and public address system. According to Al-Khalifa, the value of the services rendered totaled 3,150,000 Nigerian naira. Al-Khalifa alleges that as a result of the Defendants' breach he was subjected to extreme hardship, loss of income, and the closure of his business.

Pursuant to 28 U.S.C. § 1915(a), the Court may authorize Al-Khalifa to proceed *in forma pauperis* if he is unable to pay the mandated court fees. Al-Khalifa need not be penniless to proceed *in forma pauperis* under § 1915(a)(1). *See Zaun v. Dobbin*, 628 F.2d 990, 992 (7th Cir. 1980). Instead, he is eligible to proceed *in forma pauperis* if payment of the filing fee will prevent him from providing for life's necessities. *See Id.* According to his financial affidavit, Al-Khalifa is not currently employed and has not been employed since July of 2006. Al-Khalifa's spouse is currently employed in North Carolina but Al-Khalifa is unaware of the amount of her monthly salary or wages. Al-Khalifa does

not own real estate or any additional items of personal property worth over $1,000 nor does he have more than $200 in cash in a checking or savings account. Zainab O. Ahmed does not live with Al-Khalifa but relies on him for support. Al-Khalifa does not state his relationship to Ahmed. Based on these facts, Al-Khalifa's financial affidavit sets forth his inability to pay the mandated court fees.

The Court, however, must look beyond Al-Khalifa's financial status. Section 1915 requires the Court to review an action of a plaintiff who seeks to proceed *in forma pauperis* and dismiss the action if it is frivolous or malicious, if it fails to state a claim on which relief may be granted, or if the plaintiff seeks damages from a defendant immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). *See also Lindell v. McCallum*, 352 F.3d 1107, 1109 (7th Cir. 2003).

Furthermore, the Court should always protect its jurisdiction and question the absence of subject-matter jurisdiction. *See Wernsing v. Thompson*, 423 F.3d 732, 743 (7th Cir. 2005); *see also Winters v. Fru-Con, Inc.*, 498 F.3d 734, 740 (7th Cir. 2007) ("Ensuring the existence of subject-matter jurisdiction is the court's first duty in every lawsuit."); *Smoot v. Mazda Motors of America, Inc.*, 469 F.3d 675, 678 (7th Cir. 2006)(because "limits on subject-matter jurisdiction are not waivable or forfeitable ... federal courts are required to police their jurisdiction."); Fed.R.Civ.P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Al-Khalifa's claim against the Defendants for breach of a contractual agreement does not assert a cause of action under the "Constitution, laws, or treaties of the United States." Therefore, jurisdiction is not proper under 28 U.S.C. § 1331. It is also apparent from Al-Khalifa's Complaint that the Court does not have jurisdiction under 28 U.S.C. § 1332. For diversity jurisdiction to exist, the parties are required to have diverse citizenship and the matter in controversy must exceed the sum of $75,000. 28 U.S.C. § 1332(a). In this case, the total amount in controversy is 3,150,000 Nigerian naira, the equivalent of $20,074.95 as of today's date. *See* Exchange-Rates.org, www.exchange-rates.org/Rate/NGN/USD (last visited Feb. 11, 2013) ("1 Nigerian Naira = 0.006373 US Dollars as of 2/11/2013."). Because Al-Khalifa's claims against the Defendants do not exceed the statutory amount-in-controversy requirement, diversity jurisdiction does not exist. Additionally, neither Al-Khalifa nor the Defendants are a citizens of the state of Illinois or the United States for that matter. Al-Khalifa was deported from the United States to Nigeria in 2002. The Defendants appear to be an organization based and located in Lagos, Nigeria. The events giving rise to this cause of action are alleged to have occurred in Jibowu and Yaba, both located near Lagos, Nigeria. The fact that neither party nor the events giving rise to this case have any connection to this forum raise doubts as to whether this Court would be able to exercise personal jurisdiction over the Defendants.

Al-Khalifa argues that jurisdiction is proper in this case pursuant to the Alien Tort Statute, 28 U.S.C. § 1350, and the Torture Victim Protection Act. Neither statute provides the Court with a basis for subject matter jurisdiction in this case. The Alien Tort Statute establishes jurisdiction in the

district court over a civil action by an alien for a tort in violation of the law of nations or treaty of the United States. *See* 28 U.S.C. § 1350; *Sosa v. Alvarez-Machain*, 542 U.S. 692, 924 (2004). The TVPA gives similar rights to non-citizens who bring claims for torture and extrajudicial killings committed in foreign countries. In this case, Al-Khalifa's claims against the Defendants do not implicate the law of nations or any U.S. treaty. Nor may the Court exercise jurisdiction under the TVPA, as this case involves a contract dispute, not torture or extrajudicial killings committed in foreign countries.

For the reasons stated, Al-Khalifa's Motion to Proceed *In Forma Pauperis* is denied and Al-Khalifa's Complaint is dismissed for lack of subject matter jurisdiction. Al-Khalifa's Motion for Appointment of Counsel is therefore denied as moot.