# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Virginia M. Kendall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 10288 | **DATE** | 5/8/2013 |
| **CASE TITLE** | Al-Khalifa vs. Sunnyade | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion to reconsider to re-open his case in light of new evidence [11] is denied.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

Plaintiff Oluwashina Kazeem Ahmed Al-Khalifa filed suit against King Sunnyade & the African Beats alleging a failure to pay for services rendered pursuant to a contract in the total sum of 3,150,000 naira. On February 12, 2012, this Court dismissed Al-Khalifa's Complaint, finding no basis for either federal question or diversity jurisdiction. (Dkt. No. 7.) The Court also expressed doubt that it would be able to exercise personal jurisdiction over the defendant, an organization located in Nigeria. (*Id.*) Al-Khalifa filed this "Motion for Reconsideration to Re-Open His Case In Light of New Evidence," essentially a Rule 60(b)(2) Motion for Relief based on newly discovered evidence. For the reasons stated herein, the Court denies Al-Khalifa's Motion.

"There are five prerequisites to a successful Rule 60(b)(2) motion: (1) the evidence was discovered following trial; (2) due diligence on the part of the movant to discover the new evidence is shown or may be inferred; (3) the evidence is not merely cumulative or impeaching; (4) the evidence is material; (5) the evidence is such that a new trial would probably produce a new result." *Harris v. Owens-Corning Fiberglas Corp.*, 102 F.3d 1429, 1433–34 n.3 (7th Cir. 1996) (citing *In re Chicago, Milwaukee, St. Paul & Pacific R.R. Co.*, 78 F.3d 285, 293–94 (7th Cir. 1996)). Al-Khalifa fails to satisfy any of these requirements. First, Al-Khalifa presents no "new evidence" in his motion. Instead he has repackaged the same mosaic of incomprehensible arguments from the near-dozen other cases he has filed in this district. *See Ahmed-Al-Khalifa v. Bromwich*, No. 13-cv-1386 (Darrah, J.); *Ahmed-Al-Khalifa v. Moro*, No. 13-cv-1381 (Marovich, J.); *Ahmed-Al-Khalifa v. Ecowas Court of Justices*, No. 13-cv-1380 (Durkin, J.); *Kazeem et al v. Ashcroft*, No. 13-cv-1377 (Gottschall, J.); *Ahmed-Al-Khalifa v. Court of Appeals for the 7th Circuit*, No. 13-cv-586 (St. Eve, J.); *Ahmed-Al-Khalifa v. Perryman*, No. 13-cv-583 (Darrah, J.); *Al-Khalifa v. Ramos*, No. 13-cv-582 (Kendall, J.); *Ahmed-Al-Khalifa v. Holder*, No. 12-cv-10339 (Leinenweber, J.).

## STATEMENT

Furthermore, Al-Khalifa's most recent filing in this case is not material and would not produce a new result if accepted by the Court. This is a contract case between two residents of Nigeria where the amount in controversy, based on the allegations in Al-Khalifa's own Complaint, total to no more than $25,000, not the five-hundred million ($500,000,000) Al-Khalifa seeks as relief. Contrary to Al-Khalifa's assertion, this contract case does not implicate the Alien Tort Claim Act, the U.S. Constitution, the European Convention on Human Rights, or the Declaration of Independence of 1776. Accordingly, Al-Khalifa's Motion for Reconsideration must be denied because he has failed to present evidence that is newly discovered and because the new evidence fails to cure the deficiencies identified by the Court in its original order, namely, a lack of subject matter jurisdiction.

In addition, given Al-Khalifa's penchant for filing frivolous lawsuits whose primary purpose is to assert dubious claims, raise meritless legal points, or take other action to undo is decade-old deportation from the United States, the Court refers this matter to the Executive Committee for further determination of whether Al-Khalifa should be enjoined from filing further actions absent leave of the Committee.